# Galvin et ux., Appellants, *v.* Kreider et ux.

*Negligence — Automobiles — Pedestrians—Signals—Evidence—Proximate cause.*

1. The driver of a vehicle which first arrives at a street crossing has the right of way, and may properly conclude that autos approaching on the intersecting street will recognize this and act accordingly.

2. Only those whose negligence causes or contributes to a collision are liable to persons injured thereby.

3. Negligence from a failure to give warning as required by law, is not proved by the testimony of those who aver they heard none and do not believe any was given, unless it appears that the witnesses were paying attention and would probably have heard it if given.

Argued May 21, 1928.  Before Moschzisker, C. J., Frazer, Walling, Simpson, Kephart, Sadler and Schaffer, JJ.

Appeal, No. 12, May T., 1928, by plaintiffs, from judgment of C. P. Dauphin Co., March T., 1925, No. 352, for defendants n. o. v., in case of Susie Galvin et ux. v. Eleanor Kreider et ux.  Affirmed.

Trespass for personal injuries.  Before Fox, J.

The opinion of the Supreme Court states the facts.

Verdicts for plaintiffs, on which judgment was entered for defendants n. o. v.  Plaintiffs appealed.

*Error assigned* was judgment for defendant n. o. v., quoting it.

*Arthur H. Hull,* with him *E. E. Beidleman,* for appellants, cited: Vergilio v. Walker, 254 Pa. 241; Gilles v. Leas, 282 Pa. 318; Mooney v. Kinder, 271 Pa. 485; Zandras v. Moffett, 286 Pa. 479; Hitchins v. Wilson, 68 Pa. Superior Ct. 366; Westcott v. Geiger, 92 Pa. Superior Ct. 80.

*George Ross Hull,* of *Snyder, Miller & Hull,* for appellee, cited: Hitchins v. Wilson, 68 Pa. Superior Ct. 366; Weber v. Greenebaum, 270 Pa. 382.

OPINION BY MR. JUSTICE SIMPSON, June 30, 1928:

While one of the plaintiffs was walking along a public street, she was struck and seriously injured by an automobile belonging to and being operated by Donald Fager, who is not a party to this action. The injured woman and her husband sued the present defendants, who also are husband and wife, upon the theory that the injury was caused by the concurrent negligence of the wife and Fager. The jury decided against the wife alone, the court in banc entered judgment non obstante veredicto in her favor, and plaintiffs appeal, alleging only the entry of that judgment as error. We agree with the conclusion of the court in banc that there was no evidence which would justify a finding that the accident was caused by any negligence of appellee.

Locust and Second Streets, in the City of Harrisburg, cross at right angles. At the time of the accident appellee was driving her car westwardly on Locust Street, carrying an injured man to the hospital. When she reached Second Street, she sounded her automobile horn; decreased the speed of her car so as to cross the railway tracks with as little jolting as possible to her injured guest; she and a companion looked both up and down Second Street, and seeing nothing to make it unwise to cross immediately, she proceeded to do so. At that time Fager's car was on Second Street some distance north of Locust. As appellee reached the crossing first she had the right of way, and could properly assume that Fager would recognize this fact and act accordingly: Alperdt v. Paige, 292 Pa. 1; Swift v. Corrado, 292 Pa. 543. So far as the evidence discloses, he wholly neglected this duty. He started across Locust Street without slowing down, without sounding his horn, and apparently without heeding any of the other occupants

of the street, until the collision was imminent. When he realized this was about to occur, he turned his car westwardly into Locust Street, but too late to prevent its left front wheel, while the car was still engaged in the turning movement, from striking the right rear fender of appellee's car, and being thereby so deflected from its course as to cause it to strike plaintiff.

The evidence does not disclose any neglect of duty on appellee's part; we cannot adjudge her guilty of negligence merely because Fager's car collided with hers and the accident would not have happened but for that collision: Sullivan v. Baltimore & Ohio R. R. Co., 272 Pa. 429. It is not disputed that her car was first at the crossing, and the point of contact between the two cars is a physical fact showing this to be so, and that her car had nearly cleared the crossing when Fager ran into her. Had she known he would neglect his duty, perhaps she might have done the things which appellants insist would have prevented the accident; but this alone is not a sufficient basis for holding her liable, in the absence of proof that she neglected some duty, or should have anticipated the wrongdoing of Fager. The evidence fails to show a default in either respect. True, he and another testified that they did not hear the horn of her car when she was about to cross Second Street, and Fager added he did not believe it had been sounded, but neither of them said he was paying attention and would have heard it if it had been. Under such circumstances, the evidence is insufficient to prove negligence in that respect: Craft v. Hines, Director General, 272 Pa. 499; Cubitt v. New York Central R. R. Co., 278 Pa. 366; Zotter v. Lehigh Valley R. R. Co., 280 Pa. 14.

The judgment of the court below is affirmed.