Christian *v.* Gwynne, Appellant.

Argued October 19, 1931.

Before
Trexler, P. J., Keller, Linn, Gawthrop, Cunningham and Baldrige, JJ.

*Raymond A. White* of *Sloan, White & Sloan,* for appellant.

*Raymond Pace Alexander,* and with him *Maceo W. Hubbard,* for appellee.

OPINION BY LINN, J., January 28, 1932:

Plaintiff was invited by defendant to travel in his car from Altoona, Pa., to Troy, N. Y., leaving Altoona at about 8 P. M. Early next morning, instead of making a curve, the car left the road, upset, and injured plaintiff. In such case, ordinary care is the test: Curry v. Ruggles, 302 Pa. 156, 159. The verdict establishes that the driver was negligent; the conclusion is supported by evidence; the jury may have found that the driver fell asleep. Defendant contends that he is not liable because he was not driving, and that the so-called common purpose doctrine relieves him on the theory that all the occupants of the car were engaged in common purpose or joint enterprise. Neither contention is sound.

Defendant was foreman of a gang of workers in cement who had finished a job at Altoona. He received instructions to take several men with him to Troy, N. Y., and do a job there. He selected Fulton, Ashcraft and Lundy for the purpose, and also invited plaintiff, a laborer, to take the trip with him, stating that he would give plaintiff work at Troy "if there would be work there for him," though it was uncertain whether there would be. Plaintiff told defendant that he had employment in Philadelphia for the following Monday, and defendant said to him "Come on up, you will get home [to Philadelphia] in time to go to work Monday;" to that, plaintiff replied "well, all right." Plaintiff and another occupied the rumble, and were therefore separated from the others in the car by the

top and back curtain. Defendant, Fulton and another, took turns in driving. Fulton testified that he drove at defendant's request; he was therefore defendant's servant within the rule holding defendant responsible for his negligence: Schofield v. Director General, 276 Pa. 508.

The defense based on the common purpose or joint enterprise doctrine as those terms are used in the law (Carlson v. Erie R. R. Co., 305 Pa. 431; Rodgers v. Saxton, 305 Pa. 479) fails in this case for several reasons. There was no such relation between Fulton, who drove, and the plaintiff; Fulton was at the wheel and had control of the car while plaintiff was in the rumble, curtained off, with neither authority nor power to control the management of the car. Defendant contends plaintiff might have protested against anything of which he did not approve and so have exercised control; but defendant offered no evidence that he gave any authority to plaintiff to participate in the management of the car. If plaintiff had failed to protest against possible danger of which he was or should have been cognizant, that failure might have been contributory negligence (see Curry v. Ruggles, supra; Alperdt v. Paige, 292 Pa. 1), but as there appears to have been no apparent danger requiring protest, that contingency is not in the case. Even if all the parties in the car had been engaged in a joint enterprise, the negligence of one of them injuring another would not be excused by the mere fact of their common interest in the mission: Johnson v. Hetrick, 300 Pa. 225; Curry v. Ruggles, supra.

Judgment affirmed.