## Twining, Appellant, *v.* Lehigh & New England Railroad Co.

Argued January 31, 1933. Before FRAZER, C. J., KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Charles M. Bolich,* for appellant.

*L. H. Rupp,* of *Butz & Rupp,* for appellee, was not heard.

PER CURIAM, March 20, 1933:

On this appeal from judgment for defendant, in an action to recover for personal injuries and property loss sustained as a result of a grade crossing collision between an automobile and a train of defendant company, the only question involved is whether the evidence presented by plaintiff as to defendant's negligence was such as to require submission of the case to the jury. The verdict was rendered for defendant by the jury under binding instructions. After reading the testimony we are convinced the judgment of the court below was right.

The only evidence as to defendant's negligence related to the presence of lights on the train and the sounding of a warning signal before reaching the crossing. This testimony was negative in character and was contradicted by the affirmative and positive testimony of defendant's witnesses. "Where the evidence to establish lack of proper care is negative only, it is overcome by positive evidence to the contrary, though the latter comes from the mouths of defendant's witnesses, and, under such circumstances, the question is not one for the jury to pass upon, where the physical facts corroborate their testimony (Anspach v. P. & R. Ry., 225 Pa. 528; Keiser v. R. R., 212 Pa. 409; Knox v. R. R., 202 Pa. 504; Zotter v. Lehigh Valley R. R. Co., 280 Pa. 14), which simply means that under such

circumstances, the negative testimony, being controverted, does not amount to more than a scintilla, and therefore cannot prevail to establish an essential fact:" Grimes v. P. R. R. Co., 289 Pa. 320, 324.

Judgment affirmed.