## Stuckwish et al. *v.* Hagan Corporation et al.

Argued October 8, 1934.   Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

514

*Harold E. McCamey,* of *Dickie, Robinson & McCamey,* for appellant, original defendant.

*Horace Thomas, Sr., Horace Thomas, Jr.,* and *James F. Coyle,* for appellants, plaintiffs.

*Samuel W. Pringle,* of *Dalzell, Dalzell, McFall & Pringle,* for appellees.

OPINION BY MR. JUSTICE LINN, November 26, 1934:

Audrey G. Stuckwish, eight years of age, was injured by the defendant, Smith, December 12, 1930, at 4:30 p. m. She and her parents brought this suit against Smith, driver of the automobile, and the Hagan Corporation, his employer. By scire facias, Burns and Weir, a copartnership trading as Central Garage, were added as defendants. A nonsuit was entered as to Hagan Corporation, an order of which no complaint is made. Verdicts for plaintiffs were rendered against the remaining defendants. Judgment on the verdict was entered against Smith, but the other defendants' motion for judgment n. o. v. was granted on the ground there was no evidence to support a finding that their driver was negligent. The plaintiffs and defendant, Smith, have appealed. A single question is raised, Was the evidence sufficient to go to the jury as against the added defendants?

The minor plaintiff and her sixteen year old brother were returning home from school in a bus operated by the added defendants and driven by one Robert Cummins. The bus was employed by the school district to carry school children. The plaintiffs lived along the

Lincoln Highway in Township of Findley (as one of them testified) "in the open country; there is just my house and three or four others." The highway had a concrete surface 18 feet wide with a berm on each side. The school bus, traveling westward, stopped opposite plaintiffs' house on the right side of the paved surface and at the edge of the road. The afternoon was clear. From a point in front of plaintiffs' house the highway grade rises westward for a distance of 550 feet, at which point an automobile moving eastward—i. e., in the direction of plaintiffs' house—can be seen for the first time. From the point where the bus stopped, therefore, the driver had a view of 550 feet ahead of him. The bus was 27 feet long and 7½ feet wide. The driver sat in front and the children alighted from a door at his right. When the bus stopped, four children got off, the minor plaintiff and her 16 year old brother, and two other children who lived on the right side of Lincoln Highway at a point some 500 feet ahead. As the plaintiffs lived on the left side of the highway, it was necessary for the minor plaintiff and her brother to cross. While crossing, she was struck by defendant, Smith, traveling eastward; i. e., in the direction opposite to that in which the bus was traveling.

The appellants now contend that, even if they concede Smith's negligence, the negligence of the bus driver concurred, and consisted in discharging the children at a time when other traffic on the highway rendered the place dangerous and, therefore, a place or time at which they should not have been discharged. Appellants rely on alleged violation of the duty of a common carrier to carry passengers to their destination and to enable them to alight in safety (O'Malley v. Laurel Line Bus Co., 311 Pa. 251, 254, 166 A. 868, and cases there cited), and assert that the same duty is owing to school children transported to and from school at the expense of the school district. For the purpose of this appeal, we shall

assume that was the measure of care owing to the minor plaintiff and examine the evidence accordingly.

Cummins, the bus driver, was called by the plaintiffs as their witness, and testified that he had been driving the bus nearly four years and, on the afternoon in question, had stopped at the usual stopping place; that, before opening the door, he looked ahead to the top of the hill, 550 feet away, and seeing that no traffic was approaching, opened the door and allowed the children to step off on the berm; that he then started ahead, and, after he got started, saw Smith's car coming "over the hill from the west"; that, after going "about three lengths of the bus," he heard of the accident, having meantime seen Smith's car pass the bus after it had started. That evidence will not support a finding that he failed to perform his legal duty. In view of the positive character of his evidence, to be considered later on with certain negative testimony, we may as well at this point refer to other positive evidence to the same effect. Two of the children in the bus, called by defendants, testified that after the four children alighted, the bus went forward about three bus lengths before the accident occurred. Another witness, a boy who got out of the bus at the same place where the minor plaintiff alighted, testified that as he went up the hill towards his home, he saw Smith's car "about half way down the hill"; that he himself had then gone "about half way" up the hill.

The only evidence on which appellants can rely to support their contention that Cummins was negligent is Smith's evidence. He testified that, when he came over the hill, he saw the standing bus, saw that two children had alighted and "at least one more getting out"; that, when he reached a point near the rear end of the bus, the child crossed in front of him and was struck. He testified, however, that he did not know whether the bus had started when he passed it; that he did not notice whether it had started or not. Mere negative

testimony to that effect cannot be submitted to the jury in the face of the positive evidence of plaintiffs' witness, Cummins, and of the other witnesses, to support a finding contrary to the positive testimony: Anspach v. Ry. Co., 225 Pa. 528, 532, 74 A. 373; Zotter v. Ry. Co., 280 Pa. 14, 124 A. 284; Galvin v. Kreider, 293 Pa. 395, 397, 143 A. 110; Twining v. Lehigh, etc., Co., 310 Pa. 429, 165 A. 489. We must take the evidence that no other traffic came into view within reasonable distance of the bus, until after the children had alighted and had started on its way. This fact distinguishes the case from those relied on by the appellants: (Shannon v. Central Gaither Union School District (Calif.), 23 P. (2d) 769; Phillips v. Hardgrove (Wash.), 296 Pa. 559; Machenheimer v. Falknor (Wash.), 255 Pa. 1031; Roden v. Conn. Co., 113 Conn. 408, 155 A. 721; Cleveland, etc., Bus Co. v. Walker, 30 Ohio Appeals 411, 165 N. E. 373. In O'Malley v. Laurel Line Bus Co., supra, a passenger in the motor bus of a public service company was put down on a dark, stormy night, 250 feet away from the point where the bus driver said he would discharge the passenger, and, instead of being stopped on the right side of the street, at the curb, as it should have been, the bus was driven to the left, and the passenger was put down in the middle of the street, endangered by other traffic on the highway by which he was injured; that, of course, supported a finding of negligence. There is nothing in appellants' point that the bus-stop on the right side of the paved portion of the highway was prohibited by section 1019 (a) of the Motor Vehicle Code, 1929, P. L. 905; see section 102, definition of "parking" (page 909) and Henry v. Liebovitz, 312 Pa. 397, 167 A. 304.

Judgments affirmed.