Struppler, Appellant, *v.* Rexford.

Argued May 24, 1937. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*J. H. Oliver,* with him *Franklin B. Gelder,* for appellant.

*Walter L. Hill,* of *O'Malley, Hill, Harris & Harris,* for appellee.

OPINION BY MR. JUSTICE LINN, June 25, 1937:

Plaintiff appeals from judgment on a verdict for defendant in his suit to recover for injuries sustained in an automobile collision. Between 1:00 and 1:30 o'clock A. M., June 3, 1932, he drove a Franklin sedan down grade in a northerly direction on the Lackawanna Trail. The paved portion of the road was 18 feet wide; on each side was a berm about 5 feet wide. As he came over the top of the hill, he saw at the bottom about 900 feet away, two sets of headlights apparently showing one car passing another, both approaching him. He passed the first, which had returned to its side of the road, and, having slowed his pace, ran into the second with such slight force as to do little, if any, damage. Both vehicles were trucks owned by defendant. One of them had been stopped to allow the driver to turn on the reserve or supplementary gasoline supply; it was a tractor-trailer* forty-eight feet in length. Almost im-

---

* Appellant's brief gives the following description: "The tractor trailer was of the kind commonly seen on the highways, consisting of a tractor which contains a cab or driver's seat and compartment with a sleeping berth, the engine and hood, carried on two axles, sometimes with four wheels and sometimes with six. The trailer is a separate box-car like construction, in this instance with solid sides and with a temporary canvas roof with but one axle on the rear, having either two or four wheels on that axle. It is attached to the tractor by what is called a fifth wheel. This really is not a wheel but a coupling device circular in shape, and horizontal, consisting of two circular metal plates, one upon the other, the upper on the trailer and the lower upon the tractor, connected by a bolt two or three inches in thickness."

mediately after colliding with this truck, plaintiff, whose car then occupied a position diagonally on or across the right or northbound course of travel, was run into by another truck, owned by one not made a party to this suit, also traveling northbound. In his statement of claim plaintiff charged defendant with negligence as follows: "The truck body behind the tractor, without lights, was swung across the center of the road and obstructed the side of the road along which Plaintiff was driving, making it impossible for Plaintiff to pass while remaining upon the pavement of said highway. Plaintiff stopped his car just as his front bumper came to the portion of said truck body obstructing his side of the highway, and proceeded to leave his sedan car to ascertain the best method of passing said truck body and proceeding on his way to Scranton. Just as he was about to leave his sedan a motor vehicle truck following him and going in the same direction crashed into the rear of his sedan car, crushing it between the truck and colliding car, driving it off the road into a field. . . ."

His theory of the case, as disclosed by the evidence offered on his behalf, was that the tractor truck at the coupling device made a V-shaped projection into the right or northbound course of travel; that it was an unlawful obstruction on the highway resulting in the injury.

Plaintiff sued the owner of the truck with which he collided and did not sue the owner of the truck that ran into him. He now argues that the learned trial judge should have instructed the jury that if defendant "was guilty of negligence and the accident happened by reason of that negligence and the negligence of another, the plaintiff being free from contributory negligence, the plaintiff could recover from the defendant damages in this case" and that failure to do so in those terms is reversible error. No complaint is made of the charge on contributory negligence. After the charge was finished the judge asked whether either side desired any correc-

tions or additions to the instructions given. None was requested. Instead of asking for additional instructions, counsel for defendant then took a number of exceptions, at the same time explaining the reasons for them. Counsel for the plaintiff followed with his exceptions and, in the course of taking them, alleged error in the omission to charge in the words just quoted. There would have been no harm in adopting the language of counsel, assuming it to have been a request for additional instruction. There was only one defendant. The judge instructed the jury that "The allegation made on the part of the plaintiff, in his statement of claim as well as in his testimony, is that this defendant's car was projecting over the right of way, on Dr. Struppler's right of way; and if the car did project over in the manner described by Fortunato [driver of the truck that ran into the plaintiff] I will say to you as a matter of law the defendant can be held for negligence in this case." Having charged that if the defendant was negligent as plaintiff contended, and the negligence caused the accident and plaintiff was free from contributory negligence, we think it was immaterial, on this record, that the judge did not also say that even if the defendant was negligent and somebody else was negligent too, the defendant was responsible; it was implied in what had already been said to the jury. A trial judge is not bound to adopt the language of counsel; he may choose his own form of expression and if the subject is fully and correctly covered in the charge, there is no error: *Hanratty v. Dougherty,* 71 Pa. Superior Ct. 248; *Tamres v. Reed,* 109 Pa. Superior Ct. 28, 165 A. 538.

It follows from what has been said that there was no error in not giving a binding instruction that if defendant's truck, in the circumstances described in the evidence, left less than fifteen feet for northbound travel, defendant violated subsection (a) of section 1019 of the Act of May 1, 1929, P. L. 905, 75 PS section 611, providing that "No person shall park or leave standing any

vehicle, whether attended or unattended, upon the paved or improved or main traveled portion of any highway, outside of a business or residence district, when it is practicable to park or leave such vehicle standing off the paved or improved or main traveled portion of such highway: Provided, In no event shall any person park or leave standing any vehicle, whether attended or unattended, upon any highway, unless a clear and unobstructed width of not less than fifteen (15) feet upon the main traveled portion of said highway opposite such standing vehicle shall be left for free passage of other vehicles thereon, nor unless a clear view of such vehicle may be obtained from a distance of two hundred (200) feet in each direction upon such highway": see *Henry v. Liebovitz & Sons, Inc.*, 312 Pa. 397, 167 A. 304; *Stuckwish v. Hagan Corp.*, 316 Pa. 513, 175 A. 381; *Handfinger v. Barnwell Bros., Inc.*, 325 Pa. 319, 189 A. 312.

Judgment affirmed.