Reilly et al. *v.* Philadelphia et al., Appellants.

564

Argued November 29, 1937.  Before SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*John J. K. Caskie,* and with him *Harry S. Platowsky,* Assistant City Solicitors, and *Joseph Sharfsin,* City Solicitor, for appellant, Nos. 213 and 214.

*Harry S. Ambler, Jr.,* for appellant, Nos. 221 and 222, appellee, Nos. 213 and 214.

*Albert H. Wernick,* for appellees.

OPINION BY MR. JUSTICE DREW, January 3, 1938:

About six o'clock daylight-saving time, on a clear, quiet Sunday morning, May 5, 1935, a police car of the city of Philadelphia in which two officers were riding, was in close pursuit of a fleeing felon in a stolen automobile, southbound on Wissahickon Avenue, in a suburban part of the city. It collided with a car eastbound on Queen Lane at the right-angle intersection of the two thoroughfares. The latter car was occupied by Joseph Finnegan, who was driving, and George W. Small, the owner, and his guests, Mr. and Mrs. Thomas Reilly and Jane Marie Finnegan, sister of the driver. As a result of the collision one of the police officers was killed and Mr. and Mrs. Reilly were injured. The latter instituted suits in trespass against the municipality and Small, which were consolidated and tried together, resulting in verdicts in favor of each plaintiff against both defendants. The city moved for a new trial and for judgment n. o. v. Small moved only for a new trial. The motions were refused and judgments entered against defendants; these appeals followed.

The police car when it approached Queen Lane was a block and a quarter behind the stolen car. It was

traveling down Wissahickon Avenue, the principal street, at a speed of from forty to forty-five miles an hour, continuously sounding an audible signal of its approach. Plaintiffs' evidence was to the effect that the traffic light located at the intersection was in favor of the police car. It collided with the Small car, traveling, according to Finnegan, at a speed of twenty to twenty-five miles an hour. The latter, appearing for Small, stated that the light was in his favor when he came to the intersection, that when five feet from the curb line he looked in the direction from which the police car came and could see a distance of sixty feet and that there was no traffic in sight. As he entered the intersection Finnegan looked in the opposite direction and the collision happened almost instantaneously thereafter. A plan, made by a competent surveyor, introduced into evidence without objection, showed that from the point at which Finnegan said he had looked for oncoming traffic he had an unobstructed view of 200 feet in the direction from which the police car came.

The evidence shows clearly that the driver of the Small car was guilty of palpable negligence. The accident happened so soon after he said he had looked and seen nothing that it is obvious that the car was within his range of vision. Under the circumstances, Finnegan must inevitably have seen the car if he had looked, and if he saw nothing he could not have looked. As we have repeatedly pointed out, it is vain for a person to say he looked when, in spite of what his eyes must have told him, he moved into the path of an approaching car by which he was immediately struck: *Dando v. Brobst*, 318 Pa. 325, and cases there cited. Nor are we required to assume that his vision in the direction from which the police car approached was limited to sixty feet when it is apparent from the plan that his view from the point at which he said he looked extended at least 200 feet. Where the testimony of a witness is contradicted by incontrovertible physical facts, the tes-

timony of such witness cannot be accepted, it being either mistaken or false: *Lamp v. Pennsylvania R. R. Co.,* 305 Pa. 520.

Plaintiffs were guests in the Small car. Under the circumstances here present they are not to be held liable for the negligence of the driver. So far as they are concerned there was no question of contributory negligence raised in the trial of the case. They are entitled to their verdicts against Small who was present and in control of the operation of his car. His motion for a new trial was properly refused.

The liability of the municipality is another question. The police car was performing a public duty. At the common law there could be no question of the nonliability of the city for this happening. The Motor Vehicle Code of May 1, 1929, P. L. 905, changed the law in this respect. That act, however, together with its amendments, specifically exempts from the ordinary traffic rules and regulations police, fire, and hospital vehicles when engaged upon official emergency duties. Private automobiles and trucks are required to give way to such vehicles [section 1015 (a)] and they themselves while acting in emergencies are exempt from the restrictions as to speed [section 1002 (f)], right of way [section 1014 (b)], traffic signals [section 1026 (d)] and through "stop" highways [section 1016 (d)]. The general restriction imposed upon the operators of such vehicles is merely that they may not drive in "reckless disregard of the safety of others." "The actor's conduct is in reckless disregard of the safety of another if he intentionally does an act or fails to do an act which it is his duty to the other to do, knowing or having reason to know of facts which would lead a reasonable man to realize that the actor's conduct not only creates an unreasonable risk of bodily harm to the other but also involves a high degree of probability that substantial harm will result to him": Restatement, Torts, section 500. "In order that the actor's conduct may be

in reckless disregard of the bodily security of others, it must not only involve a high degree of probability that death or serious bodily harm will result therefrom, but the circumstances must be such that the risk so created is unreasonable": Restatement, supra, section 500, comment (a). In the words of Mr. Justice LINN, while on the Superior Court: "Recklessness implies conscious appreciation of the probable extent of danger or risk incident to contemplated action, while negligence in the legal sense implies knowledge only of a probable source of danger in the act": *Lloyd v. Noakes*, 96 Pa. Super. Ct. 164, 168.

Plaintiffs' testimony was to the effect that the traffic light was in favor of the police car and the only affirmative testimony in the case upon which liability of the city might be asserted is that of Finnegan and Small. The testimony of Small was slight, he merely testifying that the traffic light for Queen Lane had turned to amber when his car was 200 feet from the crossing. Finnegan testified that the light was in his favor when he came to the intersection. Neither heard any signal. The other occupants of the car, including the plaintiffs, saw nothing and heard nothing. They said they did not hear any warning of the approach of the police car and that they did not see it at any time. The police driver testified positively that the signal was sounding audibly and continuously. He was corroborated by a disinterested witness who testified on the side of the plaintiffs. In the face of such evidence the testimony of other witnesses that they heard no signal must be rejected. "Negative testimony of this character, by those who did not hear, as against the positive, affirmative testimony of witnesses who did hear, and who were in a position to know, is not enough to make out a charge of negligence": *Anspach v. Philadelphia & Reading R. R. Co.*, 225 Pa. 528, 532. This principle is well established: *Stuckwish v. Hagan Corp.*, 316 Pa. 513; *Fearn v. Philadelphia*, 320 Pa. 156, and cases there cited.

The police car was in the performance of official emergency duty. Unless it was being driven in a "reckless disregard of the safety of others" there can be no recovery against the municipality. The specific allegations of negligence are that it was traveling at an excessive speed, that the operator failed to sound any warning of its approach and that he went through a red light controlling traffic at the intersection. The speed at which the car was traveling cannot be objected to provided there was no "reckless disregard of the safety of others." Under these circumstances, speed alone is not enough to make out a case. As indicated, there was no valid testimony that audible warning of its approach to the intersection was not given. Even if the officer drove through a red light, an allegation against the great weight of the evidence, at a speed estimated at from forty to forty-five miles an hour, in the emergency in which the car was being operated, it cannot be said that such operation was such "reckless disregard" as would impose liability. It must be remembered that the accident occurred at an early hour of a Sunday morning when the streets in this suburban district were practically deserted, and under conditions warranting the reasonable assumption on the police driver's part that any other vehicle wishing to cross his course would surely hear and see the approach of the police car.

"Exceptional circumstances may make it reasonable to adopt a course of conduct which involves a high degree of risk of serious harm to others. However, conduct which creates so grave a risk cannot be justified as reasonable unless the end, which cannot be gained except by pursuing it, is itself of very great social value. While under ordinary circumstances it would be reckless to drive through heavy traffic at a high rate of speed, it may not even be negligent to do so if the driver is escaping from a bandit or carrying a desperately wounded man to the hospital for immediately necessary

treatment or if his car has been commandeered by the police for the pursuit of a fleeing felon": Restatement, supra, section 500, comment (a).

Granting plaintiffs the benefit of the most favorable view of the testimony it is nevertheless obvious that the city's motion for judgment n. o. v. should have been granted. In view of the admitted and incontestable facts, and in the light of the particular legal obligations and exemptions applicable, we think the accident was entirely the result of the negligence of the driver of the individual defendant's car, and that it was not contributed to in any way by negligence on the part of the driver of the police car.

In the appeals at Nos. 213 and 214 January Term, 1937, the judgments of the court below are reversed and judgments are now entered for the city of Philadelphia. In the appeals at Nos. 221 and 222 January Term, 1937, the judgments are affirmed.