**BUELOW v. McDEVITT.**

No. 1392.

District Court, E. D. Pennsylvania.

May 1, 1942.

S. Khan Spiegel, of Philadelphia, Pa., for plaintiff.

Harry R. Kozart and Maurice S. Osser, both of Philadelphia, Pa., for defendant.

BARD, District Judge.

Plaintiff instituted an action for damages sustained by him as a result of an accident which occurred at the intersection of Twelfth Street and Fairmount Avenue, in the City of Philadelphia. It was tried before a jury, which rendered a verdict of $750 for the plaintiff. Defendant filed a motion for a directed verdict, which was denied. After the trial he filed the present motion to set aside the verdict and to enter judgment for the defendant, in accordance with the procedure prescribed by Rule 50(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

■ The jury having found for the plaintiff, the evidence must be viewed, for present purposes, in the light most favorable to him. The testimony showed that at about 7 A.M. on February 15, 1941, a foggy morning on which visibility was poor, plaintiff was driving westward on Fairmount Avenue approaching the right angle intersection of that avenue with Twelfth Street, in the City of Philadelphia. In obedience to a "Stop—Through Traffic" sign for traffic on Fairmount Avenue at this intersection plaintiff came to a complete halt, and looked north on Twelfth Street, a one-way street on which traffic proceeds southward. He saw and heard no traffic approaching, and proceeded in low gear into the intersection. When in the intersection he continued to look for approaching traffic but saw none. He testified that because of the misty and foggy condition he could see only about 40 feet. When he had almost completed the crossing the right rear of his automobile was struck violently by defendant's truck, which was proceeding southwardly on Twelfth Street.

■ Defendant, in support of his motion to set aside the verdict of the jury, contends that under the Pennsylvania law, by which this case is governed, this evidence establishes that plaintiff was guilty of contributory negligence as a matter of law and that, therefore, the case should not have been submitted to the jury. None of the authorities cited by defendant, however, requires the question of contributory negligence to be withdrawn from the jury under facts such as were presented in the present case. They are either cases in which the plaintiff has failed to look or to continue to look as he entered and crossed the intersection, or cases in which, although plaintiff testified that he looked, there was no evidence of anything which might have obstructed his vision and accordingly it was held that it was vain for him to say that "he looked when, in spite of what his eyes must have told him, he moved into the path of an approaching car by which he was immediately struck." Reilly v. Philadelphia, 328 Pa. 563, 566, 195 A. 897, 899.

■ Where, however, as in the case at bar, plaintiff stopped in obedience to the "Stop" sign, looked and saw nothing, proceeded in low gear into the intersection and continued to look, and was struck in the right rear when he had almost completed the crossing, the question of contributory negligence is for the jury. The foggy condition, which drastically limited normal visibility, precludes any contention that it is vain for plaintiff to testify that he looked and did not see defendant's truck approaching. To hold, as a matter of law, that plaintiff was guilty of contributory negligence under these circumstances would be tantamount to saying that no matter how great care he exercises, a plaintiff whose car is struck as he is crossing an intersection is barred from recovering for the damages he sustained.

Motion to set aside the verdict denied.