## Mansfield et al. v. City of Philadelphia et al.

*Milford J. Meyer*, for plaintiffs.

*Ernest Lowengrund*, assistant city solicitor, for defendant City of Philadelphia.

*John B. Martin*, for defendant Pedano.

PARRY, J., February 13, 1945.—The minor plaintiff while on the sidewalk on Buist Avenue near 63rd Street in Philadelphia, was struck and injured by an automobile of the City then being driven by an employee of its Fire Department in response to an alarm of fire. Buist Avenue runs east and west and is 44 feet from curb to curb with 18 foot sidewalks. 63rd Street is 40 feet between curbs with sidewalks of 15 feet and runs north and south. A stop and go light hangs overhead in the intersection for the regulation of traffic. 62nd Street is about 450 feet east of 63rd. The Fire Chief's car, a Chevrolet sedan, came along 62nd Street, turned westward on Buist Avenue and while crossing 63rd Street, near the middle of the intersection, collided with the defendant Pedano's truck which was proceeding

north on 63rd Street. The truck was overturned near the point of collision and the sedan, continuing, struck a post, ran across the north sidewalk and crashed into the wall of a house where it came to rest about 170 feet west of the center of the intersection.

At the trial the plaintiff offered the evidence of both drivers and riders of the sedan and the truck. The question of the liability of both defendants was left to the jury, who brought in a verdict for the plaintiff against both in the sum of $10,000. We have before us motions for a new trial on the part of both and the City's motion for judgment non obstante veredicto.

On the motions for a new trial some criticism of the charge and rulings upon evidence are made but we think they are not material. The real complaint is the size of the verdict. Although the minor plaintiff's injuries were serious we think the amount excessive and have directed that there shall be a new trial unless the plaintiff files a remittitur for the sum in excess of $6,000, in which case the motions will be overruled.

There remains the question whether there was sufficient evidence to take the case of the City's liability to the jury. In order to justify its submission, there must appear a basis for a finding of reckless operation of the City's automobile causing or contributing to the accident. In considering this the plaintiff is entitled to the benefit of any evidence appearing in the record and to any reasonable inferences which arise therefrom.

There is evidence from which the jury could find that the Pedano truck, travelling north on 63rd Street under a green light, had reached a point three quarters across Buist Avenue when the Chevrolet sedan, moving at a speed estimated all the way from 25 to 60 mph, struck and upset it, ran beyond, hit a post, mounted the sidewalk and crashed into a house 152 feet west of the west curb line of 63rd Street with such force as to knock part of the wall into the cellar and practically demolish the vehicle; and that the driver of the sedan

never saw the truck and did not know where it came from.

Or the jury could have found that the sedan was not speeding and therefore not making avail of the immunity granted under Section 619 of the Vehicle Code of May 1, 1929, P. L. 905; that as it approached 63rd Street it slowed to 25 mph because some school children were in the street; that without looking for other traffic the driver increased his speed and although he could have stopped his car within its length, failed to do so and lost control of it in the collision with the result just stated.

Obviously after the collision the driver lost control of his car. The force required to upset such a large and heavy truck, the distance run thereafter and the violence of the final crash support the theory of speed so great as to amount to recklessness under the circumstances. While it is idle to speculate upon the course or distance ponderable bodies will move after a violent contact, it is difficult to see how the moderate speed asserted by the firemen could produce such a result.

On the other hand, if this moderate speed and the fireman's statement, that he could stop within the length of his car or 15 feet, be accepted, it follows that if he had not been operating his car in total disregard of conditions at the crossing he must have seen the truck in time to avoid collision. It was 19 feet long, 9 feet high and weighed 4½ tons. It could not have escaped the most casual glance.

In either view the evidence appears to us quite sufficient to allow a finding of reckless driving in wanton disregard of the rights of others and will not permit us to say as a matter of law that there can be no recovery against the City. In examining this question we do not overlook disputes about the color of the light and the sounding siren. They may be resolved in favor of the City but will not obviate the fact that although fire patrol vehicles acting in an emergency are exempt

under the Vehicle Code of May 1, 1929, P. L. 905, as amended, from restrictions as to speed through stop highways and traffic signals they still are subject to the rule that they may not drive in reckless disregard of the safety of others: Reilly et al. v. Philadelphia et al., 328 Pa. 563.

Whether he does or does not transgress certain regulations he is free to disregard, a fireman may not with impunity violate this rule. As he approached this intersection the truck was within plain view, and its driver's negligence will not relieve the City of all responsibility if its employee's conceded inattention rising to the standard of recklessness contributed to the accident causing the plaintiff's injury.

We think upon due consideration of this record that we cannot say as a matter of law that the operation of the City's car was not in violation of the restriction imposed by the Vehicle Code.

The motion for judgment non obstante veredicto is overruled.