## Commonwealth v. McClelland

*S. T. Niece*, for appellant.
*John V. Wherry*, for Commonwealth.

ROWLEY, P. J., April 9, 1947.—This is an appeal from an order of the Secretary of Revenue suspending the license of Wilson McClelland to operate a motor vehicle.

The protracted illness and subsequent death of appellant's counsel have prevented more prompt disposition of the matter.

On May 24, 1943, appellant was driving his automobile on Highway Route 58. At a point thereon between Mercer and Grove City, appellant halted his car to pick up a neighbor, who was standing along the highway. While appellant's car was stopped, an automobile operated by Herbert Jamison crashed into the rear of McClelland's car. McClelland telephoned the Pennsylvania Motor Police. (The officer who responded was the only witness before the court on behalf of the Commonwealth in the instant hearing.) The responding officer made a complaint before a justice of the peace charging appellant with "stopping on the highway". The officer also charged Jamison with reckless driving.

McClelland paid a fine and costs of $4.50, without appearing before the justice. Jamison entered a plea of guilty to the charge of reckless driving.

McClelland and Jamison were cited to show cause why operating privileges should not be suspended. At the departmental hearing, McClelland testified that two wheels of his car were upon the berm when he stopped. This is uncontradicted. Jamison testified that he had not seen the McClelland car before the collision. Jamison admitted that he had been drinking to some extent. Departmental agent Sadler, who conducted the hearing, recommended:

"That McClelland be sent a letter of reprimand;

"that defendant Jamison be suspended for three months".

The Secretary of Revenue nevertheless suspended McClelland's operator's license.

The violation charged against appellant is defined in The Vehicle Code of May 1, 1929, P. L. 905, §1019 as amended, as follows:

"No person shall park or leave standing any vehicle, whether attended or unattended, upon the paved or improved . . . portion of any highway, outside of a business or residence district," etc.

It is, at least, doubtful that the evidence produced constituted a violation of the statute: Struppler v. Rexford, 326 Pa. 545.

Upon an appeal from Secretary of Revenue's suspension of an operator's license, the court of common pleas must "administer justice according to the evidence and circumstances presented": Commonwealth v. Hardwick Automobile License Case, 348 Pa. 266.

In our opinion, the action of the Secretary of Revenue was not warranted by the evidence.

### Order

And now, April 9, 1947, after hearing, it is ordered, adjudged and decreed that this appeal be sustained, and the order of the Secretary of Revenue suspending the operator's license of Wilson McClelland is set aside.