RIVEER v. THORNTON.

No. 33421. Oct. 4, 1949.

*210 P. 2d 366.*

George L. Hill, of McAlester, and H. M. Shirley, of Coalgate, for plaintiff in error.

Allan B. McPheron, of Durant, and L. H. Green, of Ada, for defendant in error.

GIBSON, J. This is an action by Victor T. Thornton against Buford Riveer and Willie Morgan to recover damages arising from destruction of a farm tractor of plaintiff on August 15, 1946, by being struck by airplane operated by defendant Morgan. No service of process was had upon Morgan. Upon trial of the issue between plaintiff and defendant Riveer there was judgment in the sum of $1,200 for plaintiff, from which said defendant appeals.

The alleged grounds of error are that the court erred in overruling defendant's demurrer to plaintiff's evidence and in refusing the motion of defendant for an instructed verdict. These grounds present the question of the sufficiency of the evidence, and the rule for its determination is thus declared in Brayton et al. v. Carter, 196 Okla. 125, 163 P. 2d 960:

"If, in a case triable to a jury, admitting the truth of all the evidence favorable to the plaintiff, together with such inferences and conclusions as may be reasonably drawn therefrom, there is enough competent evidence to reasonably sustain a verdict in favor of plaintiff, a demurrer thereto should be overruled. A motion to direct a verdict for defendant under such circumstances should also be overruled."

It is alleged in plaintiff's petition that the airplane was the property of defendant Riveer and that at the time of the collision defendant Morgan was the servant of Riveer and was acting in the scope of his employment. In support of the alleged ground of error, it is contended that there is no evidence to support any of said allegations.

It appears from plaintiff's evidence that Terry V. Thornton, son of plaintiff, had driven the tractor onto a meadow and there stopped and was engaged in conversation with one Clarence Lacey when an airplane, piloted by defendant Morgan, circled over them and landed not far therefrom. They went to the plane and talked with the pilot. While so doing an automobile was driven onto the meadow in the southeast corner thereof approximately a mile from where they were talking. The plane taxied to where the automobile was, remained for a while, then taxied back, and in undertaking to take off collided with the tractor, wrecking both the tractor and the plane, and causing cuts and abrasions to the pilot. About ten or fifteen minutes thereafter defendant Riveer, driving an automobile, appeared at the scene and took the pilot to Dr. R. P. Dickey at Caddo, Okla., and thereafter both returned to the scene. Terry V. Thornton, a witness for plaintiff, testified that Riveer stated to the doctor, in his presence, "I think I bought me a tractor", and that when they returned to the scene of the accident Riveer remarked to him that he (Riveer) and "Uncle Vic" (meaning the plaintiff) would try to settle. Virgil Akers, Investigator for the Alcohol Tax Bureau, Treasury Department, a witness for plaintiff, testified that he had a conversation with Riveer concerning the accident and therein Riveer stated to him that the plane involved was his; that he could not drive and had another driving it.

Defendant offered no evidence other than a bill of sale for the plane executed May 31, 1946, by United States to W. E. Morgan.

The evidence of the plaintiff, taken as true, reasonably tends to prove the said essential facts in issue, and therefore is sufficient to sustain the verdict and judgment thereon. Cities Service Gas Co. v. Eggers, 186 Okla. 466, 98 P. 2d 1114.

Judgment affirmed.