## CARTWRIGHT v. RIES.
### No. 35998.

Supreme Court of Oklahoma.
May 4, 1954.

Rehearing Denied May 25, 1954.

Reuben K. Sparks, Woodward, James C. Cheek, Alex Cheek, Oklahoma City, for plaintiff in error.

Bryan Billings, Woodward, for defendant in error.

ARNOLD, Justice.

Alfred Ries brought this action in the District Court of Woodward County against Phil Cartwright for damages for personal injuries allegedly caused by the negligence of defendant's agent, servant and employee, Frank Keim.

In conformity with the allegations of his petition and pertinent to the issues herein raised plaintiff's evidence reasonably tends to show that both plaintiff and defendant lived at Perryton, Texas, and had been friends for several years; that defendant owned and operated a ranch near Perryton upon which he employed one Frank or "Doc" Keim; that on February 18, 1952, after transacting business in Perryton defendant and Keim ate their evening meal and went to visit plaintiff; that plaintiff was just leaving as they arrived and they asked him where he was going; that plain-

tiff told them his wife had taken his car to Enid to visit her father who was ill and that she had called asking plaintiff to come up there; that plaintiff had made arrangements to ride with a friend to Liberal, Kansas, from whence he planned to take a bus to Enid; that, in defendant's words, "Doc and ——— weren't doing anything so we just decided we would take him (plaintiff) down there"; (plaintiff testified that defendant said he would like to take a little vacation and visit some cousins in Enid but this testimony was stricken as not being responsive to the question asked); that the three of them got in defendant's car with defendant driving, "Doc" Keim seated in the middle, and plaintiff on the right front seat; that between Shattuck and Woodward defendant stopped the car and he and "Doc" got out for a few moments but plaintiff did not; that before they started on their way again defendant asked "Doc" if he would drive for a while and "Doc" said he would; that "Doc" then took the wheel, defendant sat in the middle, and plaintiff remained in the right front seat; that they continued in this manner through Woodward; that two or three miles east of Woodward while approaching a curve in the highway they met a car with very bright headlights; that this approaching car was on its proper or north side of the highway; that at the time Keim was driving 45 to 50 miles per hour; that as they approached this on-coming car Keim gradually got out on the right-hand shoulder of the road; that this shoulder was dry and bumpy; that Keim continued driving on this shoulder at unabated speed after the approaching car had passed and for a total distance of 480 feet until, on approaching some guard posts on the shoulder, he whipped the car suddenly back onto the pavement at about a 45 degree angle, continued on across the pavement and down into a deep drainage ditch on the left or north side of the road; that Keim was killed and both plaintiff and defendant sustained severe injuries specifically described by plaintiff; that plaintiff remained under treatment in the hospital at Woodward for three weeks and for almost a year thereafter received further medical treatment.

At the close of plaintiff's evidence defendant demurred thereto on the ground that there was no negligence shown on the part of defendant which would entitle plaintiff to a judgment; the court sustained the demurrer on the ground that the evidence was insufficient to show that Keim was the agent of defendant at the time of the accident, withdrew the case from the further consideration of the jury and rendered judgment in favor of defendant. Plaintiff saved his exceptions and filed motion for new trial which the court sustained on the ground that the sustaining of the demurrer to the evidence was error, from which order defendant appeals.

Defendant states that the sole question here involved is whether or not the trial court erred when the demurrer to the evidence was sustained. This goes to the sufficiency of the evidence to sustain the allegations of negligence based upon respondeat superior. In this connection defendant argues that the evidence establishes without contradiction that the purpose of the trip was to take plaintiff to Enid to get his car and see his wife and that no purpose or mission of defendant was served thereby; that there was no proof that the driver of the car was defendant's agent; that in fact the use of the car on this occasion made the driver thereof plaintiff's agent.

Considering the evidence in the light most favorable to plaintiff, as we are bound to do on demurrer to the evidence, the inference could reasonably be drawn that defendant's purpose in making the trip was to accommodate plaintiff; there is no proof that defendant received or expected to receive any compensation therefor; defendant was the owner of the car; he exercised control and management of it; he drove a part of the way himself, then asked Keim to drive a while; defendant sat beside Keim and was in position to exert control and supervision over Keim's operation of the car; there is no showing that plaintiff had any control or management of the car or driver or in selecting the route to be taken or that he attempted to exercise any such control. This was sufficient evidence to go to the jury on the question of whether any purpose of defendant was being served

960

and whether the driver of the car at the time of the accident was the agent and servant of the defendant. See Riveer v. Thornton, 202 Okl. 96, 210 P.2d 366. The general rule is that the test of agency is the owner's right to control and direct the driver's conduct, and that one driving the owner's car at his request and for his purposes is the owner's servant or agent. 60 C.J.S., Motor Vehicles, § 436, page 1085–1086; Christian v. Gwynne, 103 Pa.Super. 539, 158 A. 290. And by reason of the facts stated above it is also a reasonable inference that plaintiff was merely a guest and was not the principal or master of the driver of the car. See Shefts Supply Co., Inc., v. Purkapile, 169 Okl. 157, 36 P.2d 275 and cases therein cited.

Defendant further argues that the evidence is insufficient to show any negligence on the part of the driver of the car. The evidence shows that the driver drove on the shoulder while going around a curve for a distance of 480 feet at a speed of 45 to 50 miles per hour; that he whipped suddenly back across the road, losing control of the car and ending up in the ditch on the other side of the road. It was a question of fact for the jury as to whether such actions constituted negligence under the circumstances then existing.

Lastly defendant argues that a passenger or guest in an automobile is required to exercise ordinary care for his own safety and that plaintiff admittedly made no remonstrance as to the manner in which Keim drove; that therefore if Keim were negligent plaintiff was also negligent in failing to warn the driver. This is merely a question of whether or not plaintiff was contributorily negligent. Contributory negligence is always a question of fact for the jury to determine.

There was sufficient evidence to go to the jury on the questions of agency as between the driver of the car and defendant and of negligence on the part of the driver of the car. The court did not err in granting a new trial.

Affirmed.

HALLEY, C. J., and WELCH, CORN, DAVISON, O'NEAL, WILLIAMS, and BLACKBIRD, JJ., concur.