## MANCHESTER MANUFACTURING COMPANY *v.* POLK.

1. Other than as indicated below, the grounds of the motion for a new trial do not show any error which requires a reversal of the judgment.

2. In the trial of a case brought by a servant against a master to recover damages for personal injuries received by the servant in the use of defective machinery furnished by the master, it was error to charge, in effect, that the master was liable for the injuries so received if he was negligent in failing to provide machinery reasonably safe for the work, or to keep the machinery in proper repair, and that if the master had been negligent in either of these particulars, and the servant was injured in consequence of that negligence, the master would be liable, without instructing the jury in the same connection, either literally or in substance, that before the servant could recover for such injuries, it must appear that he did not know and had not equal means with the master of knowing such fact, and by the exercise of ordinary care could not have known thereof. In a case where the injured servant is a minor, the instructions should be so qualified as not to require of him more diligence than should be expected of one of his age and capacity.

3. In a suit of the nature above indicated it was error so to charge the jury that a verdict for the plaintiff would under any circumstances be authorized if he were not a servant, but a mere volunteer, at the time of the injury.

Submitted March 1, — Decided June 7, 1902.

Action for damages. Before Judge Nottingham. City court of Macon. May 8, 1901.

*Dessau, Harris & Harris,* for plaintiff in error.
*Lane & Park* and *Ryals & Felder,* contra.

LITTLE, J.   Polk, a minor, by his next friend instituted an action against the manufacturing company to recover damages for personal injuries.   He alleged that the corporation owned and controlled a cotton factory; that on a named date, while he was an employee and servant of the company and under its direction and control, he was injured in working in defendant's factory, without fault on his part, by the negligence of defendant in not furnishing proper machinery, and. because the company, with knowledge thereof, permitted the machinery to get out of repair, and failed, after reasonable notice, to repair and make the same safe.   His injuries he alleged were permanent, in that his hand was mashed by certain cog-wheels used to apply power to the machinery, which were not suitably protected.   At the time he was injured he was thirteen years of age; his capacity to labor, by reason of the injury, was permanently diminished, etc.; at the time he sustained the injury he was acting within the scope of his employment, and did not know of the defective condition of the machinery, nor did he have the same means of knowing the defects in the same that the company had, etc.   The defendant denied all the allegations of the petition, except the fact that the plaintiff was a minor, and that he was injured by one of the machines in its factory; and, as a special defense, averred that the plaintiff was not in its employ at the time he received his injuries, but was under the care of his father, who was employed in the mill, for the purpose of working under his instruction in order to learn the business of a mill operative, and that the injuries were occasioned entirely by the negligence of the plaintiff.   By amendment the plaintiff averred, as an additional ground of negligence on the part of the defendant, that the covering to certain cog-wheels, being the machinery by which he was injured, was, at the time he received the injury, made with wooden boxes, and that iron or metal caps should have been provided by the defendant to cover such cog-wheels.   The defendant objected to the amendment, on the ground that it set forth a new and distinct cause of action.   The objection was overruled and the amendment was allowed, and the defendant excepted pendente lite, and in its bill of exceptions assigns error on the allowance of the amendment.   The trial resulted in a verdict for the plaintiff in the sum of $875.   The defendant submitted a motion for a new trial on 43 grounds.   Among them complaint is made that the verdict

was contrary to the evidence and the law, and was excessive. Inasmuch as the judgment overruling the motion for a new trial is reversed, and another trial of the case will be had, we do not deal with these grounds of the motion. Neither do we pass on the grounds of the motion in which we find no error, in any other than in a general way.

1. The evidence was conflicting on the material issues raised by the pleadings, and of course a nonsuit should not have been granted. We do not think the trial judge erred in refusing to enforce the rule as to the separation of witnesses, so as to exclude Polk, the father of the minor and his next friend by whom the suit was instituted, from the court-room while the witnesses were being examined. Aside from being a matter largely in the discretion of the court, it would seem that the presence of the father and next friend might be necessary in the conduct of the case for the plaintiff. We do not find any error, under the explanation of the trial judge, in the admission of the evidence of Polk in relation to the defective condition of the boxing over the cog-wheels, except possibly that part in which he testified from information received from another employee. While this was erroneous, it does not afford a sufficient reason to cause a reversal. We are not prepared to say that the court erred in instructing the jury in relation to the rule for determining what is ordinary or due care in the case of a minor; nor in the general rule which was announced, that the master owes to the servant the duty of furnishing machinery reasonably safe and suitable for the work being carried on; nor in relation to the duty of the company to instruct a minor of tender years as to the dangers incident to the operation of the machinery where he was employed; nor as to what would or would not constitute the plaintiff a servant of the company; nor that the fault of the father would not be attributable to the son if he was in the employment of the defendant; nor in the charge on the subject of damages; nor in the instructions given in relation to the impeachment of witnesses. While the rulings set out in the grounds of the motion referring to the above subjects may in a few instances be matter for legitimate criticism, they are not, as they appear, sufficient to authorize a reversal of the judgment; and without further reference to them we pass to those grounds which we think present sufficient merit to authorize the grant of a new trial.

2. The 13th ground of the amended motion for a new trial complains that the judge erred in instructing the jury as follows: "The law is that a master is liable to a servant for injuries that may be inflicted upon the servant by reason of defective machinery, if the master has been negligent, whether in failing to provide machinery reasonably safe for the work, or to keep the machinery in proper repair. If a master has been negligent in either of these particulars, and the servant is injured in consequence of that negligence, then the master would be liable for the damages incurred by reason of the injury." This proposition is not sound as a matter of law, because one very important and essential element, in determining the right of a servant to recover from the master for injuries received because of the use of defective machinery, is omitted. It is declared by the Civil Code, § 2612, that, in suits for injuries arising from the negligence of the master in failing to furnish machinery reasonably safe to be operated with ordinary care and diligence, it must appear not only that the master knew or ought to have known of the defects or dangers in the machinery supplied, but "it must also appear that the servant injured did not know and had not equal means of knowing such fact, and by the exercise of ordinary care could not have known thereof." The same criticism is applicable to the 16th and 17th grounds of the amended motion for a new trial ; the propositions stated in the charge excepted to in each of these grounds were too broad, and are not the law of the case unless they are coupled with the qualification which appears in the code. As a matter of law, if the injured servant did know or had equal means of knowing the defects in the machinery, then, notwithstanding the master may have known of them, and been negligent in not furnishing machinery reasonably safe to be operated by employees using ordinary care and diligence, the servant can not recover. In this connection it may be said, that the care and diligence which is required of a minor employee thirteen years old is not left to be determined by an arbitrary rule based on age alone; nor is it a sound proposition of law that none is required of him. On the contrary, such a minor, if he has sufficient capacity to know the danger and to observe due care for his own protection, and voluntarily goes into danger, can not recover (*Central R. Co.* v. *Rylee*, 87 *Ga.* 495); and the jury, in the case of a minor of this age, who, having been injured, sues to recover damages, must find

from the evidence whether the child had sufficient capacity to know the danger and to observe due care for his own protection. Ibid. See also *Rhodes* v. *Railroad Co.*, 84 *Ga.* 320; *Wynne* v. *Conklin*, 86 *Ga.* 40. We have examined carefully the entire charge with a view of ascertaining whether the qualification above referred to was anywhere so made as that the jury could have understood that the parts of the charge above referred to were to be taken and construed with any qualification; and while we find in other parts of the charge some reference to the rule that if the servant had equal means with the master of ascertaining the defects of the machinery he could not recover, we have reached the conclusion that the propositions contained in the charges above mentioned, not being coupled with this qualification, were error. The propositions charged as the law governing the rights of the parties, as contained in these grounds of the motion, are concisely stated and made in plain and emphatic language, and so prominently set forth that we are unable reasonably to assume that the jury did understand that they were to be accepted with the qualifications mentioned, which were only incidentally referred to in another part of the charge. As they stand they are error, and the error is material; they should not have been given without qualification; and in order to prevent a misunderstanding of the law by the jury, the important principle of law which controls their application should have been given in the same connection.

3. It is further complained that the court erred in giving to the jury the following charge: "If you find from the evidence in this case that this plaintiff . . was, at the time of the injury, thirteen years of age; and if you further find from the evidence that the plaintiff was only a volunteer in the factory of the defendant at the time of the injury, he, the plaintiff, would, though a volunteer, not be held responsible for his acts and conduct at the time of the injury, unless it be shown you by the proof that he knew at that time the distinction between good and evil, and also had capacity to comprehend the danger and avoid the same." Aside from any other criticism of this part of the charge, it is sufficient to say that the plaintiff in this case based his right to recover on the allegation that he was in the employment of the company at the time he was injured, and that the latter was negligent in failing to furnish him, as an employee, machinery reasonably safe for the work in which

he was engaged, and to keep the same in good repair.　Under the petition, if plaintiff was entitled to recover, he could only do so on the ground that he was an employee and injured by the negligence of the master.　There is no allegation that the company owed him any other duty than as its employee.　It is true that defendant denied the employment, and averred that plaintiff was, at the time he was injured, a mere volunteer.　This averment was in direct response to the allegation that he was in the employment of the company when injured ; and if it was sustained by the evidence, then the plaintiff could not lawfully have recovered in this action, because no negligence was charged against the master from which injury resulted to the plaintiff except as an employee ; and while the question whether he was an employee or a volunteer was raised by the answer, and while the issue thus raised was a proper sub-ject-matter of inquiry, if it had been satisfactorily proved that the plaintiff was a volunteer and not a servant of the defendant, he would have had no right of recovery under the allegations in his petition.　The jury might well have understood from this charge, that, even if the evidence showed that the plaintiff was a volunteer, he could recover under given circumstances.　So understood the charge was error.　Whether so understood or not, it was at least susceptible of such construction, and should not have been given.

In view of the errors specifically referred to, the trial judge erred in overruling the motion for a new trial.

*Judgment reversed.　All the Justices concurring, except Lewis, J., absent.*