33762. POWELL *v.* KITCHENS.

Decided October 4, 1951.

*O. T. Gower, Harris, Harris, Russell & Weaver,* for plaintiff in error.

*Pickett & Pickett, Mixon & Forrester, John W. Sanders,* contra.

TOWNSEND, J. (After stating the foregoing facts.) Where, as here, the pleader in seeking to allege an agency relationship sets out the facts as they really exist or are deemed to exist, the allegations that the parties are principal and agent is a legal conclusion which must be tested by the facts as alleged. *Conney* v. *Atlantic Greyhound Corp.,* 81 *Ga. App.* 324 (1) (58 S. E. 2d, 559). Code § 4-101 provides as follows: "The relation of principal and agent arises wherever one person, expressly or by implication, authorizes another to act for him, or subsequently ratifies the acts of another in his behalf." In 60 C.J.S., *Motor Vehicles,* § 436, the following statement is found: "In order to hold the owner liable under the doctrine of respondeat superior for the acts of the driver of a motor vehicle, the driver must be the agent or servant of the owner at the time of the wrongful act, and, in order to create such relationship, the essential and sufficient element is the owner's right to control and direct the driver's conduct. It is not essential that the relationship should be a business one or that the service be a remunerative service. An agency or servant relationship does not depend on an express appointment but may be implied from the circumstances of the case; thus, one driving the owner's car at his request and for his purposes is the owner's servant or agent." Cain *v.* American Policyholders Ins. Co., 120 Conn. 645 (183 Atl. 403); Manint *v.* Nugent (La.), 142 So. 201; Wolcott *v.* Fellows, 82 N. H. 556 (131 Atl. 352); Lea *v.* Gen-

try, 167 Tenn. 556 (73 S. W. 2d, 170); Cannan *v.* Dupree (Tex. Civ. App.), 294 S. W. 298.

It is here alleged that at the defendant's special request Hood was using the vehicle for the purpose of looking after the needs of the defendant's aged parents and his sister, two of whom were ill; that he had been spending the night at their home and carrying them groceries and medicines, and that he was at the time proceeding toward their home to attend to their needs during the night. So far as the allegations of the petition are concerned, it appears that all of these acts were at the defendant's request and for his benefit, and this was the purpose for which the car had been entrusted to him, which purpose he was actually attempting to effectuate at the time of the collision. No other fair inference can be drawn from the pleadings; therefore it cannot be said as a matter of law that the petition fails on its face to show an agency relationship. The petition is sufficient to withstand a demurrer based on the ground that no express command or assent to the particular act of driving at the time and place in question is alleged. See *Conney* v. *Atlantic Greyhound Corp.,* supra; *Planters Cotton-Oil Co.* v. *Baker,* 181 *Ga.* 161, 163 (181 S. E. 671).

The trial court did not err in overruling the general demurrer to the petition.

*Judgment affirmed. MacIntyre, P. J., and Gardner, J., concur.*