### 36913. JACK FRED COMPANY *v.* LAGO.

Decided November 13, 1957.

*Grady C. Pittard, Jr.,* for plaintiff in error.

TOWNSEND, J. ■ Code § 81-1203 states: "All affidavits for the foreclosure of liens, including mortgages, and all affidavits that are the foundation of legal proceedings and all counter-affidavits shall be amendable to the same extent as ordinary petitions, and with only the restrictions, limitations, and consequences obtaining in the case of ordinary petitions and pleas." Code § 81-310 provides that no part of an answer shall be stricken out or rejected on account of being contradictory to another part of the same. Under these rules the trial court did not err in allowing the amendment to the affidavit of illegality, although it may have been in part inconsistent with the allegations of the original pleading so far as the question of ownership was concerned.

■ While ordinarily a motion to dismiss is the equivalent of a general demurrer (*Farmers & Merchants Bank of Manchester* v. *Gibson*, 211 *Ga.* 270, 85 S. E. 2d 513), and a general demurrer would not lie in this case (the record showing that the plaintiff is the named seller in the conditional-sale contract) nevertheless, the court in his order recites that the evidence in the case was considered in arriving at the decision. It is therefore necessary to examine the evidence to determine whether a finding was demanded that the plaintiff Jack Fred Company did in fact have no such right or title as would enable it to prosecute this foreclosure proceeding.

It is undisputed that Jack C. Fred and Ashley Thrasher as partners were doing business as The Beauty Center, which contains the equipment which is the subject matter of foreclosure, and that they owned the property subject to certain indebtedness against some of it in favor of Jack Fred Company which was later paid off; that Jack C. Fred is the president, sole owner and sole stockholder of the Jack Fred Company; that on January 16, 1956, the defendant signed the conditional-sale contract and other typewritten memoranda in blank and they were not filled out until later. As to the note in longhand, Lago testified that it was also signed in blank; Fred, Thrasher and Mrs. Fred testified that it was completely filled out at the time it was signed, thus creating an issue of fact as to the defendant's knowledge that the words "Conditional-sale contract Jack C. Fred Company" were on the note, and, if they were, what inference might

be drawn therefrom regarding the understanding of the parties that the corporation, rather than the partnership, was to be the named seller in the instruments. An assignment of his interest in the property from Thrasher to Fred individually dated August 13, 1956, was admitted in evidence without objection. Although Fred's testimony on direct examination, and also his affidavit of transfer, to the effect that he as an individual had transferred to the corporation of which he was president and sole owner the property involved were ruled out, Fred testified on cross-examination thereafter without objection that the company owns the property; that there is a record of the transfer on the books of the company; that no bill of sale was written up but it was transferred into the assets of the Jack Fred Company. From his testimony a finding is demanded that Jack C. Fred as an individual claims no present interest whatever in the property which is the subject matter of the foreclosure.

Code (Ann.) § 3-108 provides that, as a general rule, the action on a contract shall be brought in the name of the party in whom the legal interest in such contract is vested. The named seller in the conditional-sale contract is Jack Fred Company. Admittedly this corporation did not have title to the property listed therein at the time it was drawn up, but the legal interest in the contract (if not in the property) was nevertheless in it as the named payee. One who contracts to sell personal property, even though at the time he is not its owner, is bound by his contract and must fulfill it or respond in damages, and if he does fulfill the contract the purchaser is bound to pay according to its terms when he has received delivery of the merchandise and tender of good title thereto. *Northington-Munger-Pratt Co. v. Farmers Gin &c. Co.*, 119 *Ga.* 851 (2, 4) (47 S. E. 200, 100 Am. St. R. 210). The corporation according to the plaintiff's testimony contracted to sell certain merchandise of a value of more than $50 and the contract was executed by its delivery to the defendant and his acceptance. Although at that time the plaintiff had no title, it contracted to deliver title when the obligation should have been paid in full. Thereafter and before the defendant met these conditions the property was entered on the books of the corporation as an asset. Considering that Fred individually, as sole owner of the property under

the assignment to him from Thrasher, and Fred in his capacity of president and sole stockholder of the Jack Fred Corporation, authorized this action, it constituted an acceptance by the corporation of the transfer of title to it in such manner as to remove the transaction from Code § 20-401 (7) relative to the statute of frauds, this being the only provision of law which would require the transfer of title to personalty to be in writing.

The president of a corporation is presumed to be its alter ego. *Baker* v. *Lowe Electric Co.*, 47 *Ga. App.* 259 (5) (170 S. E. 337); *Sims* v. *Miller's Inc.*, 50 *Ga. App.* 640 (179 S. E. 423); *The Black Walnuts* v. *First National Bank of Atlanta*, 53 *Ga. App.* 316 (2) (185 S. E. 726). The presumption would be much greater when it is also shown that the president is also the sole owner. If the president of a corporation, merely by virtue of his office, has no power to bind the company by contract (*Hale-Georgia Minerals Corp.* v. *Hale*, 83 *Ga. App.* 561, 63 S. E. 2d 920) the authority may be shown by ratification by the corporation of the contracts made by its president. *Potts-Thompson Liquor Co.* v. *Potts*, 135 *Ga.* 451, 460 (69 S. E. 734). Should there be any question here of the authority of Fred as president of the corporation to purchase or otherwise obtain title to the property in question so as to constitute it an asset of the corporation, the action of the corporation in asserting its title to the property by this foreclosure proceeding constitutes a ratification of Fred's act. Being the owner of the property in fact as well as the named seller and payee in the conditional-sale contract, it had a right to bring this action as against the contention that it had no title on which to predicate the foreclosure proceeding.

The trial court erred in dismissing the action.

*Judgment reversed. Gardner, P. J., and Carlisle, J., concur.*