COCHRAN, by Guardian *ad litem,* and another, Respondents,
v. ALLYN and another, Appellants.

*February 5—March 6, 1962.*

For the appellants there were briefs by *Welsh, Trowbridge, Bills, Planert & Gould* of Green Bay, and oral argument by *Lloyd J. Planert.*

For the respondents there was a brief by *Cohen & Parins,* and oral argument by *Steven I. Cohen* and *Meyer M. Cohen,* all of Green Bay.

BROADFOOT, C. J.   The sole issue raised upon the appeal is as to the form of the question submitted to the jury relating to the question of agency.  The defendants had requested that the question be submitted in the following form:

"Was the trip in question undertaken by Janet Cochran by the express direction and for the benefit of the defendant, John Allyn?"

This was the form of question submitted in the case of *Le Sage v. Le Sage* (1937), 224 Wis. 57, 271 N. W. 369. The question submitted was as follows:

"At the time of the accident in question, was Janet Cochran driving the automobile of the defendant, John Allyn, as his agent?"

It is contended by the defendants that the form of the question submitted by the trial court called for a conclusion of law on the part of the jury rather than a finding of ultimate fact.  It is conceded that the instructions given by the trial court on the question of agency were correct. However,

the defendants argue that the form of the question required the jury to remember instructions as to the law of agency and apply them to the facts as found by it in order to properly answer the question submitted.

Mrs. Cochran testified that the three Cochrans resided in Green Bay with her mother, Mrs. Allyn, and with her brother, John Allyn. The Cochrans owned a car and John. Allyn owned a car. For several months prior to the accident John Allyn had been in a tuberculosis sanitarium in Brown county. He had been spending one day a month at home, and did so during the early part of October. At that time the defendant John Allyn told his mother that he expected to be released for two days in November and at that time he would give her a ride up to a summer cottage owned by himself and Mrs. Cochran jointly. While there he was to arrange for draining the water and otherwise winterizing the cottage. Shortly before the day of the accident, according to the testimony of Mrs. Cochran, John Allyn phoned her and said it would be impossible for him to get away and that she should take his car, take their mother, and drive up to the cottage or to her uncle's, with whom she would arrange to winterize the cottage.

No witnesses were called by the defendants. They argued to the jury and to this court that the story told by Mrs. Cochran was incredible since her mother was an invalid; Mrs. Cochran seldom took her riding; and she planned to drive to the cottage near Lakewood, Wisconsin, and to return on the same day.

The defendants do not challenge the credibility of her story as to the way in which the accident happened, nor as to the damage questions. It is evident, however, that the jury believed the story told by Mrs. Cochran. We find nothing inherently incredible in it.

Under the circumstances we believe that the court could have answered the agency question, as well as the questions

relating to liability, and left only the question as to damages for determination by the jury. Since *Enea v. Pfister* (1923), 180 Wis. 329, 192 N. W. 1018, down to *Strupp v. Farmers Mut. Automobile Ins. Co.* (1961), 14 Wis. (2d) 158, 109 N. W. (2d) 660, we have had an unbroken line of cases holding that the driving of an automobile by one person which is owned by another raises a presumption of agency. Some of the cases state that it makes out a *prima facie* case of agency. However, the language means the same thing. There was no evidence introduced that would rebut the presumption. The trial court, however, deemed it advisable to submit the question to the jury and the defendants were not prejudiced thereby.

It is true that agency is a legal concept to be based upon certain factual situations. There is some discussion of what is required to create agency in the *Strupp Case, supra,* and other discussions in the *Le Sage Case, supra.* From these discussions it appears that a request is as binding as an express direction and the benefit to the car owner need not be great. In the *Le Sage Case* the court discussed the case of *Novak v. Zastrow* (1930), 200 Wis. 394, 228 N. W. 473, wherein the court stated that if the husband-owner of a car had requested his wife to take the car and transport her mother from Madison to Monroe, then an express agency would have resulted. Also in the *Le Sage Case,* the court discussed the case of *Zeidler v. Goelzer* (1926), 191 Wis. 378, 211 N. W. 140, in which the court said that if a father who owned the car had given his son directions to take a trip for the purpose of affording amusement and entertainment for his daughters, or had requested it, the son would clearly have been constituted the agent of the father.

In *Paulson v. Madison Newspapers* (1957), 274 Wis. 355, 80 N. W. (2d) 421, the jury was asked to determine whether a driver was acting as agent of the defendant, and in *Zurn v. Whatley* (1933), 213 Wis. 365, 251 N. W. 435,

the jury was asked whether the driver was the owner's agent. The opinions in those cases do not reveal whether or not there was objection to the form of those questions.

The term "agent" is in common usage and quite well understood, and in our opinion a direct question as to whether or not one person was the agent of another at a certain time or in a certain matter will be approved if proper instructions are given.

*By the Court.*—Judgment affirmed.