44548. WALKER HALL, INC. v. FINCHER et al.

DEEN, Judge. 1. The president of a corporation is presumed to be its alter ego, and the presumption is even stronger where he is also the sole stockholder. *Jack Fred Co. v. Lago,* 96 Ga. App. 675, 679 (101 SE2d 165) and cit. In the present case Walker Hall was the president and sole stockholder of Walker Hall, Inc., with places of business in Memphis, Tenn., and Clayton County, Georgia. The corporation

owned an airplane in which Mr. Hall customarily traveled between these points, and a Chevrolet which was kept for Mr. Hall's use and frequently driven by him to a local airport and left there for his return when he left in the airplane. These facts, there being none to the contrary, demand the conclusion that the act of Mr. Hall in using the vehicle for transportation to and from the airport on his trips from Memphis to the Georgia office were the acts of the corporation.

2. In the present instance Mr. Hall, preparing to return to Memphis from the company office in Clayton County, decided that since the weather appeared threatening he would fly by commercial airways, and he either requested or accepted the offer of a former employee who happened to be present to drive him to the airport in the company car with the direction that he return the vehicle to the company premises afterward and pick up his own automobile there. The driver, the co-defendant Jenkins, had a collision on the way back from the airport to the company's premises where he was returning the Chevrolet, and the plaintiff, an occupant of the other car, was injured. The defendant Walker Hall, Inc., filed its motion for summary judgment and appeals from the denial thereof.

"The relation of principal and agent arises wherever one person, expressly or by implication, authorizes another to act for him, or subsequently ratifies the acts of another in his behalf." *Code* § 4-101. Where the negligent driver of an automobile is the agent of the owner, the latter is liable under the theory of respondeat superior. *Powell v. Kitchens,* 84 Ga. App. 701 (67 SE2d 203); *Garver v. Smith,* 90 Ga. App. 892 (2) (84 SE2d 693). In such a case it is not necessary to show a true master-servant relationship, or the payment of compensation, but the general rule is that if the owner of a vehicle expressly procures another to do something solely for the owner's benefit, an agency relationship exists, regardless of whether the direction is couched as a request or as a demand, and regardless of whether the agent receives monetary compensation. Cartwright v. Ries, (Okla.) 270 P2d 957, 960; Manint v. Nugent, (La. App.) 142 S 201; Utica Mut. Ins. Co. v. Rollason, 246 F2d 105; Cochran v. Allyn, 16 Wis. 2d 20 (113 NW2d 538); Cannan v. Dupree, (Tex. Civ. App.) 294 SW 298; Cain v. American Policyholders Ins. Co., 120 Conn. 645 (183 A 403).

This case differs from *Frankel v. Cone,* 214 Ga. 733 (107 SE2d 819), where the case did not proceed upon the theory of agency, and from *Wilson v. Quick Tire Service,* 32 Ga. App. 310 (123 SE 733), where the car was being operated without the knowledge of the owner, and from *Graham v. Cleveland,* 58 Ga. App. 810 (200 SE 184), where the automobile had been delivered to a servant of the bailee. The possession of the bailee being for its own purposes—parking and keeping automobiles for pay—the bailee was not an agent but an independent contractor.

The motion for summary judgment of the defendant Walter Hall, Inc., was properly denied.

*Judgment affirmed. Bell, P. J., concurs. Eberhardt, J., concurs in the judgment.*

ARGUED MAY 29, 1969—DECIDED JULY 7, 1969—
REHEARING DENIED JULY 30, 1969—

*Greene, Buckley, DeRieux, Moore & Jones, John D. Jones, James Eichelberger,* for appellant.

*Charles H. Hyatt, Lee Hutcheson,* for appellees.

ON MOTION FOR REHEARING.

Counsel for the movant earnestly contend that we have grounded our decision in this case on foreign authority and have ignored or misconstrued the controlling cases of *Frankel v. Cone,* 214 Ga. 733 (107 SE2d 819) and *Redd v. Brisbon,* 113 Ga. App. 23 (147 SE2d 15). Both these cases deal with bailment situations. In *Frankel* the holding was primarily that *Code Ann.* § 68-301 which attempted to place liability on the owner if the motor vehicle was used in his business or for his benefit was unconstitutional as assessing liability in cases where the owner did not know it was being so used, or even had prohibited the use. The further holding in *Frankel* was that where an owner turns an automobile over to a bailee parking lot company which latter, as a part of its business, provides employees to return the owner from the parking lot to his destination, the employee so acting is the servant of the company and not of the owner. Further the opinion expressly observes that no liability against the owner was urged on an agency theory. In *Redd* the garage

where the owner left the automobile was also a bailee, but it did not provide the service mentioned in *Frankel*. A third-party customer having no relation to either the automobile owner or the garage committed himself to driving the owner to her destination and had a collision. In this case the bailee garage and not the owner was the defendant involved in the appeal, and it was contended that Brisbon, the third-party customer who was actually driving the car, was doing so as the servant of the bailee so as to render the bailee liable under respondeat superior. The court held (p. 25): "Conceding, as stated by the defendant Larry in his answers, that Brisbon accompanied him at the direction of Thomas for the purpose of returning the automobile to Thomas' service station, he was, in doing so, nothing more than a mere volunteer."

In the present case Walker Hall, president and sole owner of Walker Hall, Inc., to which the vehicle belonged, and the person with authority to say how it should be used or stored, requested a former employee to drive with him to the airport for the purpose of returning the car to the company parking lot. The case must be determined by the status of Jenkins, the driver. Was he a volunteer, a bailee, a servant or an agent? Not every person who accedes to another's request to perform a service for him is a volunteer, and this is especially true where third parties are involved, for the "volunteer" defense is ordinarily used against one who has intermeddled in the affairs of others, has sustained injury thereby, and then attempts to hold such others responsible. See *Manchester Mfg. Co. v. Polk*, 115 Ga. 542 (3) (41 SE 1015); *Lee v. Arlington Peanut Co.*, 176 Ga. 816 (1) (169 SE 1); *Graham v. Walsh*, 14 Ga. App. 287 (2) (80 SE 693). In tort actions it is usually considered as an extension of the assumption of risk doctrine.

As between agency and bailment the distinction is more tenuous. It is true that agency is usually applied to those acts requiring discretion, and the possession of personal property of another to be used for a specific purpose usually but not always constitutes a bailment. At least as to third parties the rule is that where A turns over his property to B for the specific purpose of having B *perform some act* which is within the business of A, and to which the possession is merely incidental,

the transaction so far as third parties are concerned is to be considered an agency relation and not a bailment. "If the furnishing of an automobile . . . is within what may be said to be a 'business' of the owner, one to whom the car is entrusted for such purpose is not a bailee, as in a case of lending, but is a servant or agent. If, on the other hand, the car is furnished by the owner merely as an accommodation to the other, with no interest or concern in the *purpose* for which the other will use it, then its use, whether for recreation or otherwise, is not within the business of the owner, and the transaction is a mere bailment. There is a vital distinction between the two cases here supposed, and the failure to recognize it has apparently been an important factor in leading some of the courts to conclusions which, it is respectfully submitted, are unsound." *Hubert v. Harpe,* 181 Ga. 168, 173 (182 SE 167).

*Hubert v. Harpe,* supra, holds in essence (1) that the owner of an automobile may make it his "business" to maintain it for the use and convenience of his family, and (b) that an adult member of the family when using it in the "business" of the owner as above defined is the owner's agent and the owner is liable for his negligence under the doctrine of respondeat superior. The second proposition is of course even more valid where the "business" of the corporate owner, as here, is one of financial gain and the automobile is being directly used in such business for the transportation of the president of the corporation who is himself engaged at the time in the business of the corporation.

*We adhere to the judgment of affirmance.*