## 58751. REESE v. SANDERS.

Smith, Judge.

This appeal arises out of an automobile collision in which an automobile, owned by appellee and driven by her nephew, collided with an automobile owned and driven by appellant. Appellee brought suit against appellant for property damage to her automobile. Appellant filed a counterclaim against appellee based upon the theory that appellee's nephew was acting as appellee's agent at the time of the collision. Appellee moved for summary judgment on the counterclaim, asserting that, as a matter of law, appellee's nephew was not appellee's agent. The trial court granted the motion. We reverse.

Appellee's affidavit in support of her motion for summary judgment contains the following averments: "That she was involved in a motor vehicle accident which occurred on June 6, 1978 at approximately 11:45 p.m. and which is the subject of this action; that at the time she was a passenger in her vehicle which was being driven by her nephew, Tyrone Smalls; that Tyrone Smalls is not a resident or member of deponent's household; that he was driving plaintiff's vehicle at the request of Plaintiff and with the consent of Plaintiff; that the said Tyrone Smalls was not acting under the direction or control of deponent, but merely for the convenience of deponent who did not feel like driving; that deponent did not exercise control over the manner, method or direction in which the said Tyrone Smalls drove, and gave directions only as to the destination, which was Revco at Medical Arts Center and suggested that he take Anderson Street, East to Waters, and Waters South to Medical Arts; that Tyrone Smalls was neither the agent or servant of Plaintiff at the time of this collision." Appellee's nephew submitted an affidavit containing essentially identical averments.

The affidavits submitted in support of appellee's motion for summary judgment do not establish as a matter of law that appellee's nephew was not acting as appellee's agent at the time of the collision. Although appellant and her nephew categorically deny the existence of an agency relationship (*Hampton v. McCord,* 141 Ga. App. 97, 98 (232 SE2d 582) (1977)), they also admit

facts which tend to establish such a relationship. Specifically, it is admitted that appellant's nephew was driving appellant's vehicle "at the request" and "for the convenience" of appellant. It is also admitted that appellant "gave directions . . . as to the destination" and "suggested" the route to be taken in reaching the destination.

"[T]he general rule is that if the owner of a vehicle expressly procures another to do something solely for the owner's benefit, an agency relationship exists, regardless of whether the direction is couched as a request or as a demand, and regardless of whether the agent receives monetary compensation. Cartwright v. Ries, (Okla.) 270 P2d 957, 960; Manint v. Nugent, (La. App.) 142 S 201; Utica Mut. Ins. Co. v. Rollason, 246 F2d 105; Cochran v. Allyn, 16 Wis. 2d 20 (113 NW2d 538); Cannan v. Dupree (Tex. Civ. App.) 294 SW 298; Cain v. American Policyholders Ins. Co., 120 Conn. 645 (183 A 403)." *Walker Hall, Inc. v. Fincher,* 120 Ga. App. 193, 194 (169 SE2d 745) (1969).

" 'Where the evidence on motion for summary judgment is ambiguous or doubtful, the party opposing the motion must be given the benefit of all reasonable doubts and of all favorable inferences and such evidence construed most favorably to the party opposing the motion. *McCarty v. National Life &c. Ins. Co.,* 107 Ga. App. 178 (129 SE2d 408).' " *Word v. Henderson,* 220 Ga. 846, 848 (142 SE2d 244) (1965); *Chambers v. C. & S. Nat. Bank,* 242 Ga. 498, 502 (249 SE2d 214) (1978). At the very least, the admissions in appellee's affidavit raise an issue of material fact as to the existence of an agency relationship between appellant and her nephew at the time of the collision.

CPA § 56 (e) (Code Ann. § 81A-156 (e)) provides: "When a motion for summary judgment is made and supported as provided in this section, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this section, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, *if appropriate,* shall be entered against him." (Emphasis supplied.) The trial court erred in granting appellee's motion for summary

judgment because, notwithstanding appellant's failure to respond to the motion with affidavits of his own, appellee has failed to satisfy the criteria for summary judgment set forth in CPA § 56 (c) (Code Ann. § 81A-156 (c)). The grant of summary judgment in favor of appellee was therefore improper.

*Judgment reversed. Quillian, P. J., and Birdsong, J., concur.*

SUBMITTED OCTOBER 18, 1979 — DECIDED FEBRUARY 28, 1980.

*Sam P. Inglesby, Jr., Kathleen Horne,* for appellant.
*George M. Hubbard, Julian H. Toporek,* for appellee.