### 60511. LINDSEY et al. v. FITZGERALD.
### 60512. JONES v. FITZGERALD.

SOGNIER, Judge.

Appellant Lindsey was involved in a collision with appellee Fitzgerald. Lindsey is Jones' granddaughter, and at the time of the collision was driving Jones' automobile, in which Jones was a passenger. Lindsey had spent the day at a lake with a friend, Jane Sparger; Jones had spent the day "babysitting" with Sparger's invalid mother and had been compensated for doing so. Lindsey was driving her grandmother home from Sparger's house when she collided with a motorcycle operated by Fitzgerald. Fitzgerald sustained injuries and sued Lindsey and Jones. Fitzgerald's motion for partial summary judgment was granted and Jones' motion for summary judgment was denied.

The question for review on appeal is whether, as a matter of law, Lindsey was acting as an agent for Jones so that Lindsey's negligence, if any, as the driver of the automobile, can be imputed to Jones, the owner-passenger of the automobile.

1. Appellants contend that Jones was not exercising control over the operation of the automobile, and even though she was the owner of the automobile, she was present only as an accommodation to her granddaughter, so Lindsey and her friend could spend the day at the lake. Appellants also contend that the mere presence of Jones in the automobile as a passenger does not establish that she exercised control over the driver's operation of the vehicle. Thus, appellants

contend Jones is entitled to summary judgment.

The negligence of a driver, if any, is not ipso facto imputable to the owner of a vehicle simply because the owner may be a passenger at the time of a collision. At most there is a presumption, or inference, in the absence of evidence to the contrary, that the owner has the right to control the driver as her agent or servant, and is therefore liable for the driver's negligence under the doctrine of respondent superior. *Floyd v. Colonial Stores,* 121 Ga. App. 852, 856 (176 SE2d 111) (1970); *Central of Ga. R. Co. v. Luther,* 128 Ga. App. 178, 182 (196 SE2d 149) (1973). The inference applies only "where nothing else appears. When uncontradicted and unimpeached evidence is produced as to the real facts, the inference disappears, and does not create a conflict in the evidence so as to require its submission to a jury." *Blount v. Sutton,* 114 Ga. App. 767 (152 SE2d 777) (1966); *Floyd v. Colonial Stores,* supra. Appellants, relying on these two cases, claim that as a matter of law the inference of control by Jones disappeared because there is uncontradicted evidence that Jones had placed no limitations or restrictions on her granddaughter's driving and that the purpose of the trip was not solely for the benefit of the owner. Jones stated on deposition that she had asked Lindsey to drive her car because Jones did not know the way to Sparger's house; that Jones was going to Sparger's house to take care of an invalid whom she had never met; that Jones was compensated for her trouble; that she preferred to have Lindsey drive because she was young; and that if Lindsey had not driven her, she would have asked someone else to do so. Considering the facts of this case, together with Jones' own testimony, it cannot be said that the evidence is *contrary* to an inference that Jones had the right to control the automobile. Hence, the trial court was correct in denying Jones' motion for summary judgment.

2. In Fitzgerald's motion for summary judgment, he relied upon the general rule that " 'if the owner of a vehicle expressly procures another to do something solely for the owner's benefit, an agency relationship exists, regardless of whether the direction is couched as a request or as a demand, and regardless of whether the agent receives monetary compensation. [Cits.]' *Walker Hall, Inc. v. Fincher,* 120 Ga. App. 193, 194 (169 SE2d 745) (1969)." *Reese v. Sanders,* 153 Ga. App. 654, 655 (266 SE2d 313) (1980). However, here the evidence presented a jury question as to the true relationship between the owner of the automobile and the driver. *Trawick v. Chambliss,* 42 Ga. App. 333, 334 (4) (156 SE 268) (1930). The testimony on deposition of Lindsey and Jones raises an issue of material fact as to whether Lindsey was acting as an agent for Jones or whether Jones was merely accommodating Lindsey when she furnished the car to her

granddaughter and agreed to "babysit" for Sparger's mother. *Walker Hall, Inc. v. Fincher,* supra at 197. " 'Where the evidence on motion for summary judgment is ambiguous or doubtful, the party opposing the motion must be given the benefit of all reasonable doubts and of all favorable inferences and such evidence construed most favorably to the party opposing the motion. [Cits.]' " *Reese v. Sanders,* supra at 655. Thus, it was error for the trial court to grant summary judgment in favor of Fitzgerald on this issue.

*Judgment reversed in Case No. 60511. Judgment affirmed in Case No. 60512. Deen, P. J., and Birdsong, J., concur.*

DECIDED JANUARY 14, 1981.

*Robert P. Hein, Frank J. Klosit, Jr., Michael L. Wetzel,* for appellants.
*Michael R. Uth, Taylor W. Jones, Kenneth R. Ott,* for appellee.