A92A0860. STANDARD GUARANTY INSURANCE COMPANY
v. LANDERS.
(426 SE2d 574)

COOPER, Judge.

This appeal arises out of an automobile accident which òccurred when appellee's vehicle was rear-ended at a traffic signal by a car driven by Anthony Boynton and owned by his father Edward Boynton. The Boynton vehicle had no liability insurance coverage, but appellee's car was insured by appellant Standard Guaranty Insurance Company ("Standard") under a policy providing uninsured motorist coverage.

The record setting out the procedural history of this case is meager, but it appears that appellee originally filed a lawsuit against Anthony and Edward Boynton in December of 1987. In addition to serving the Boyntons, appellee served Standard as the uninsured motorist carrier. The return of service indicates that service upon Standard was made by serving David Morris, President, Morris Insurance Plan, Inc. Standard answered the complaint in its own name and filed a cross-claim against the Boyntons. In September 1988, appellee dismissed the case without prejudice, and on October 6, 1988, appellee refiled the case against the Boyntons. Although appellee did not denominate the action as a renewal action, the complaint was exactly the same except that the amount of damages was increased. Appellee again served the complaint on Standard by serving David Morris, president of Morris Insurance Plan, Inc. Standard filed an answer and cross-claim against the Boyntons and a "Motion to Quash Void Service" on the ground that it had not been properly served. Specifically, Standard alleged that service was invalid because its registered agent had not been properly served in the refiled lawsuit and because David Morris was not an agent authorized to accept service. The record contains an order dated February 1, 1989, which denies Standard's motion to quash.[1] Standard subsequently filed a motion to dismiss on the ground that the action was barred by the two-year statute of limitation. Although the record contains an order prepared, presented and filed by Standard's counsel which purports to grant Standard's motion, it appears that Standard prepared a pre-trial order and participated in the trial of the case.[2] Boynton also appeared and was rep-

---

[1] Although the civil action number on the order reflects that it was entered in the original case, we assume that this was an oversight inasmuch as no motion to quash appears to have been filed in the original action and since it appears that the order was filed after the dismissal without prejudice of the original action.

[2] We are at a loss to explain the order dismissing the action as to Standard. However, we note that it appears that the trial judge inadvertently entered the order and was not aware of the order previously entered denying Standard's motion to quash service. As noted in footnote 1, the order denying the motion to quash reflected the incorrect civil action number,

resented by separate counsel. Throughout the trial Standard objected that it was not properly before the court, was not waiving any prior orders or defenses, and renewed its motion to dismiss based on insufficiency of service. The jury returned a verdict in favor of appellee for $20,000, and appellant appeals from the judgment entered on the verdict and the denial of its motion for new trial and motion for judgment n.o.v.

1. OCGA § 33-7-11 (d) provides, in pertinent part, that "[i]n cases where the owner or operator of any vehicle causing injury or damages is known, and either or both are named as defendants in any action for such injury or damages, a copy of the action and all pleadings thereto shall be served as prescribed by law upon the insurance company issuing the policy as though the insurance company were actually named as a party defendant." Under OCGA § 9-11-4 (d) (1) and (7), in actions against a corporation service shall be made by delivering the summons and a copy of the complaint "to the president or other officer of the corporation, secretary, cashier, managing agent, or other agent . . . authorized by appointment or by law to receive service of process."

The return of service from the original action shows that Standard was served by serving David Morris, president of Morris Insurance Plan, Inc. In support of its motion to dismiss filed in the second case, Standard presented the affidavit of David Morris declaring that he was an insurance broker who placed business with a number of companies, including Standard, but was not an officer, employee or agent of Standard and not authorized to accept service of process on behalf of Standard. It further showed that on the date of service, Howard Wexler was the agent for service for Standard and was located in Fulton County, but neither he nor anyone authorized by him was ever served.

It is clear that Standard was not served in the manner required under the statute. "Service of process on merely an apparent agent is not sufficient. It must be made on an actual agent. The bare assertion or denial of the existence of an agency relationship is a statement of fact when made by one of the purported parties to the relationship; but when made by an outsider, bare assertions or denials are merely conclusions of law. The affidavit denying the existence of agency must be received as evidence of a fact, which cannot be overcome by conclusionary affidavits. Thus contrary to [appellee's] contentions, the denial by [Morris], the purported 'agent,' was evidence of the fact that no agency relationship existed between himself and [Standard]. . . . The alleged agent's denial of an agency relationship not

thus explaining how the trial judge could have been unaware of the order.

having been opposed with credible contentions supporting such a relationship, the [failure to grant] the motion to dismiss was . . . error." (Citations and punctuation omitted.) *Thaxton v. Ga. Insurer's Insolvency Pool*, 158 Ga. App. 407, 408-409 (280 SE2d 421) (1981). Accord *Kirkpatrick v. Mackey*, 162 Ga. App. 876 (293 SE2d 461) (1982). Having established that Standard did not receive service as required by the statute in either the original or renewal action, Standard's motion to dismiss for insufficiency of service should have been granted. *Bohannon v. Futrell*, 189 Ga. App. 340, 343 (2) (375 SE2d 637) (1988); *Kirkpatrick v. Mackey*, supra.

2. In light of our decision in Division 1, it is unnecessary to consider appellant's remaining enumerations of error relating to matters which occurred during the trial.

*Judgment reversed. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED OCTOBER 28, 1992 —
RECONSIDERATION DENIED DECEMBER 17, 1992

*Eason, Kennedy & Associates, Richard B. Eason, Jr.*, for appellant.

*L. B. Kent*, for appellee.