## A93A0877. THOMAS v. SCHOUTEN.
(435 SE2d 746)

ANDREWS, Judge.

This lawsuit arose from an automobile accident which occurred on December 21, 1989, when the vehicle appellant Monica Thomas was driving was struck from the rear by a vehicle driven by Daniel Passenger. Appellee Schouten owned the vehicle Passenger was driving, but was not in the vehicle at the time of the incident. On October 28, 1991, Thomas filed suit against Passenger and Schouten.

Defendant Schouten answered the complaint and Georgia Farm Bureau Casualty Company, the plaintiff's uninsured motorist carrier filed a second answer. On September 9, 1992, Thomas amended her complaint to contain allegations that at all times relevant to the incident complained of, Passenger was the agent of Schouten and that Schouten was therefore responsible for any negligence of Passenger.

On October 26, 1992, Schouten filed a motion for summary judgment on the basis that there was no agency relationship between him and Passenger and thus no basis for liability against him. With the motion, Schouten filed his own affidavit in which he stated that he and Passenger were both employed by B & D Mechanical Company and that he was Passenger's foreman. He avowed that he allowed Passenger to borrow his vehicle to perform a task for B & D Mechanical Company and at the time of the accident, Passenger was using his vehicle in the performance of his work. Nonetheless, Schouten stated that Passenger's trip was performed solely for the benefit of B & D Mechanical Company and was of no personal benefit to him. Schouten swore that Passenger was not acting as his agent or employee at the time of the accident. On October 28, 1992, defendant Passenger filed an answer.

On November 23, 1992, Thomas filed a brief in opposition to the motion, which claimed that summary judgment was improper since a factual issue remained regarding whether an agency relationship existed between Schouten and Passenger.

On December 14, 1992, the trial court granted the motion for summary judgment, finding that as a matter of law, Passenger was not the agent or servant of Schouten and that there was no basis for liability against him. From that determination, Thomas appeals.

1. In her second enumeration of error, Thomas argues that the grant of summary judgment was improper, since despite her request, no hearing was held. Although the record contains no request for oral argument, attached to Thomas' appellate brief is a letter to the state court judge. That letter, dated November 23, 1992, states in part that: "The Court's help in scheduling a hearing on this matter as soon as possible shall be appreciated."

Uniform Superior Court Rule 6.3 (applicable here to the state

court, see Uniform State Court Rules) provides: "Unless otherwise ordered by the court, all motions in civil actions, including those for summary judgment, shall be decided by the court without oral hearing, except motions for new trial and motions for judgment notwithstanding the verdict. However, oral argument on any motion for summary judgment shall be permitted upon written request." This rule has been determined to be consistent with OCGA § 9-11-56 (c) in that "[t]he statute contemplates but does not mandate a hearing. The rule fixes the method parties use to obtain a hearing. In fact, Rule 6.3 insures a right to oral argument of a summary judgment motion by declaring it *shall* be permitted upon written request. Thus, whether oral argument is heard is within the power of the parties, and is not left to the discretion of the trial court. All a party need do is make a written request for oral argument and it shall be held." (Citations and punctuation omitted.) *Kelley v. First Franklin Financial Corp.*, 256 Ga. 622, 623-624 (351 SE2d 443) (1987); *Dallas Blue Haven Pools v. Taslimi*, 180 Ga. App. 734 (350 SE2d 265) (1986), aff'd 256 Ga. 739 (354 SE2d 160) (1987); *Link v. Doe*, 203 Ga. App. 388 (416 SE2d 874) (1992).

Pretermitting the question of whether Thomas' letter constitutes a request for oral argument within the meaning of USCR 6.3, we are barred from considering it, since it is not properly before this court. "Since this is a court for correction of errors of law, our decision must be made upon the record and not upon briefs of counsel. Where there is nothing in the record to support the contention of error, there is nothing presented to this court for review." (Citations and punctuation omitted.) *Williams v. Lemon*, 194 Ga. App. 249 (3) (390 SE2d 89) (1990). The letter attached to the brief is not part of the record. Thomas has not sought to complete the record in the manner provided for in OCGA § 5-6-41 and this enumeration is without merit.

2. Thomas claims that the trial court erred in granting the motion for summary judgment because there was a factual issue as to whether an agency relationship existed between Schouten and Passenger. Citing *Lindsey v. Fitzgerald*, 157 Ga. App. 124 (276 SE2d 275) (1981), and *Reese v. Sanders*, 153 Ga. App. 654 (266 SE2d 313) (1980), Thomas argues that the trial court's grant of summary judgment was improper. In addition to Schouten's affidavit, outlined above, the record includes the deposition of Schouten and of Thomas. In Schouten's deposition he briefly explained the arrangement by which Passenger was driving his vehicle; he stated: "We had a flat tire at the shop, and since I was a foreman, I loaned him my vehicle. . . . I just asked him to go to Wall Tire to have it fixed." Thomas argues that as the foreman, Schouten was Passenger's employer, and that he *directed* Passenger to perform the errand and therefore an agency relationship existed.

We note at the outset that "[o]wnership of the vehicle alone is insufficient to establish liability on the part of the owner." (Citations and punctuation omitted.) *Liddy v. Hames*, 177 Ga. App. 517, 518 (2) (339 SE2d 778) (1986). "Under Georgia law the relation of principal and agent arises wherever one person, expressly or by implication, authorizes another to act for him or subsequently ratifies the acts of another in his behalf. OCGA § 10-6-1. The historical test applied by Georgia courts has been whether the contract gives, or the employer assumes, the right to control the time and manner of executing the work, as distinguished from the right merely to require results in conformity to the contract." (Citations and punctuation omitted.) *McMullan v. Ga. Girl Fashions*, 180 Ga. App. 228, 230 (2) (348 SE2d 748) (1986).

"The bare assertion or denial of the existence of an agency relationship is a statement of fact when made by one of the purported parties to the relationship; but when made by an outsider, bare assertions or denials are merely conclusions of law. The affidavit denying the existence of agency must be received as evidence of a fact, which cannot be overcome by conclusionary affidavits." *Standard Guaranty Ins. Co. v. Landers*, 206 Ga. App. 803 (426 SE2d 574) (1992); see generally *Hinely v. Barrow*, 169 Ga. App. 529 (313 SE2d 739) (1984); *Commercial Union Ins. Co. v. Taylor*, 169 Ga. App. 177 (3) (312 SE2d 177) (1983).

In this case, contrary to Thomas' contentions, the denial by Schouten of the agency relationship was evidence of the fact that no such relationship existed between him and Passenger. Apart from Thomas' conclusory statements, the only evidence before us regarding this issue was that Passenger borrowed Schouten's vehicle to perform a task for the sole benefit of their mutual employer. Thomas' arguments that Passenger was a dual agent are similarly meritless.

The grant of summary judgment was proper. See generally *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

*Judgment affirmed. Pope, C. J., and Birdsong, P. J., concur.*

DECIDED SEPTEMBER 13, 1993.

*Edwards & Youmas, Lonzy F. Edwards*, for appellant.
*Walker, Hulbert, Gray & Byrd, Michael G. Gray, Groover & Childs, Frank H. Childs, Jr.*, for appellee.